**Kamaljit Singh THIND, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75746.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 18, 2008.*

Filed March 24, 2008.

William Frick, Esq., Law Office of William Frick, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kathryn L. Moore, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Kamaljit Singh Thind, a native and citizen of India, petitions for review from a decision of the Board of Immigration Appeals ("BIA") denying his second motion to reopen. Thind alleged that his first retained counsel, who represented him before the Immigration Judge ("IJ"), was ineffective and that, as a result, the IJ misunderstood the nature of his asylum claim. The BIA denied Thind's motion to reopen finding that it was not timely filed and that Thind had not acted with due diligence to support equitable tolling. The BIA noted that Thind had been represented by different counsel when he filed his first motion to reopen two years earlier, and that he had failed to show in the instant motion why he could not have presented his ineffective assistance of counsel claim earlier.

The BIA did not abuse its discretion in denying Thind's second motion to reopen because the motion was untimely and Thind was not entitled to equitable tolling. Thind's second motion to reopen was filed more than four years after the BIA's order of removal and Thind did not demonstrate that he exercised due diligence in discovering prior counsel's alleged errors. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to a petitioner who establishes deception, fraud, or error, and exercised due diligence in discovering such circumstances).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.